IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior District Judge Richard P. Matsch

Civil Action No. 02-cv-00311-RPM

CLIMAX MOLYBDENUM COMPANY,

    Plaintiff,

v.

MOLYCHEM, LLC,

    Defendant.

SUPPLEMENTAL FINDINGS AND CONCLUSIONS

Climax initiated this civil action by a complaint claiming that Molychem infringed two patents U.S. Patent No. 5,985,236 for a composition described as a novel isomer of ammonium octamolybdate ("AOM") called "X-AOM" and U.S. Patent No. 6,235,261 B1, claiming 18 methods for producing it. Molychem contended by counterclaims that both patents are invalid and unenforceable. As the case progressed, Climax voluntarily dismissed its claim for infringement of the '261 Patent because the product sold by Molychem was made in China, making proof of the manufacturing process unfeasible. Molychem did not withdraw its counterclaim for a declaratory judgment as to the '261 Patent.

The case proceeded to trial with focus on the composition claim of the '236 Patent and Molychem's antitrust counterclaim. Findings of fact and conclusions of law were entered on November 1, 2007. Based on those findings and conclusions the Court ruled that the '236 Patent was invalid because X-AOM was not a new and novel product as required by 35 U.S.C. § 101; it

was anticipated by the Tytko article and the Huggins Patent within the meaning of § 102(b) and issuance of it was barred under § 102(b) because it was the subject of a commercial offer for sale more than one year before the date of the application for patent. The Court found the '236 Patent unenforceable because of the applicants' inequitable conduct before the PTO shown by clear and convincing evidence of the use of intentional false representations and omissions of material information in overcoming office actions rejecting the original claim.

The Court also found that the antitrust counterclaim had not been proven and that the litigation conduct of Climax in this case made it exceptional, entitling Molychem to recover its attorney fees under 35 U.S.C. § 285. No final judgment was entered.

On November 7, 2007, Molychem filed a motion for additional findings and conclusions on its counterclaim for declaratory relief as to the '261 Patent. Climax filed its opposition on November 12, 2007, and Molychem's reply was filed on December 12, 2007. Although Climax filed a Notice of Appeal on November 30, 2007, this Court has jurisdiction to adjudicate these issues and the fee award motion because no final judgment has yet been entered.

The '261 Patent is a continuation of the '236 Patent. The original application included both the product and the process claims. Both patents relate to the same claimed invention: X-AOM as a new and original composition of ammonium octamolybdate. Climax made a strategic decision to separate the process from the product, knowing that it was essential to focus the examiner's attention on the assertion that the X-AOM as defined by the three ranges of Raman spectral peaks was different from the product produced by the process of the Huggins Patent. The evidence produced at trial was to the contrary. What Climax did was to deceive the PTO through the Cole declaration into believing that the X-AOM was unique and different from what

was produced by the Huggins method to get the '236 Patent and then use the same deceit to persuade the PTO to issue the '261 Patent by contending that all of the independent method claims produced X-AOM as defined in the '236 Patent.

The inequitable conduct described in this Court's findings and conclusions on the '236 Patent application also affected the issuance of the '261 Patent and make it unenforceable. *Agfa Corp. v. Creo Products Inc.*, 451 F.3d 1366, 1379 (Fed. Cir. 2006).

Climax included all possible method steps for making "wet AOM" in the 18 claims of the '261 Patent because it did not know the precise steps that possibly influenced the composition it claimed as X-AOM in the '236 Patent. The examiner rejected the original claims because Climax had not defined the particular isomer that was being produced by the method steps described. Climax then amended the claims to define the resulting isomer as that having the same three spectral peak ranges claims as the new and novel product in the '236 Patent. That was the basis upon which the '261 Patent was issued. It follows that because the claim of the '236 Patent has be found to be invalid under 35 U.S.C. § 101 and because of anticipation under § 102(b), the claims of the '261 Patent are also invalid. The Court is unable to say that the commercial product sold to Alpha Gary was made by any particular method in the '261 Patent claims and therefore the on-sale bar does not invalidate this patent.

Dated: January 16, 2008

BY THE COURT:

s/ Richard P. Matsch
_____
Richard P. Matsch, Senior District Judge