# United States Court of Appeals for the Federal Circuit

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

FEB 11 2008

GREGORY C. LANGHAM
CLERK

2008-1134

CLIMAX MOLYBDENUM COMPANY,

Plaintiff-Appellant,

v.

MOLYCHEM, LLC,

Defendant-Appellee.

ON MOTION

Appeal from the United States District Court for the District of Colorado in case no. 02-CV-00311, Senior Judge Richard P. Matsch.

Before RADER, Circuit Judge, CLEVENGER, Senior Circuit Judge, and BRYSON, Circuit Judge.

RADER, Circuit Judge.

ORDER

Molychem, LLC moves to dismiss for lack of jurisdiction Climax Molybdenum Company's appeal from a November 1, 2007 decision of the United States District Court for the District of Colorado. Climax submits a qualified opposition. Molychem moves to file an amended reply.

Climax filed suit against Molychem for infringement of U.S. Patent No. 5,985,236 ("the '236 patent") relating to an ammonium octamolybdate (AOM) composition and

U.S. Patent No. 6,235,261 ("the '261 patent") relating to a method of making AOM. Molychem counterclaimed, asserting, inter alia, that Molychem's patents were invalid and unenforceable. Climax later withdrew its claim of infringement of the '261 patent, but the counterclaim regarding the '261 patent was not withdrawn.

On November 1, 2007, the district court issued its "Findings, Conclusions, and Order," determining that the '236 patent was invalid and unenforceable and that Molychem was entitled to recover attorneys fees. The district court ordered Molychem to submit a claim for attorney fees before November 30, 2007 and further ordered that final judgment would not be entered until the amount of reasonable attorney fees had been determined. The order failed to decide any issue relating to the '261 patent.

Climax filed an appeal seeking review by this court. Molychem moves to dismiss the appeal, asserting, inter alia, that the district court has not issued its final judgment in this case. We agree.

Pursuant to 28 U.S.C. § 1295(a)(1), we have jurisdiction over a final decision of the district court. A final judgment is one that "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." Nystrom v. Trex Co., 339 F.3d 1347, 1350 (Fed. Cir. 2003). "If a case is not fully adjudicated as to all claims for all parties and there is no express determination that there is no just reason for delay or express direction for entry of judgment as to fewer than all of the parties or claims, there is no 'final decision' under 28 U.S.C. § 1295(a)(1) and therefore no jurisdiction." Id.

Here, Molychem's counterclaims relating to the '261 patent remain pending before the district court. No judgment has been entered and none of the exceptions to the finality requirement general rule are present. We therefore lack jurisdiction.

Accordingly,

IT IS ORDERED THAT:

(1) The motion to dismiss is granted.

(2) The motion to file an amended reply is granted.

(3) Each side shall bear its own costs.

FOR THE COURT

FEB 07 2008
Date

/s/ Randall R. Rader
Randall R. Rader
Circuit Judge

cc: Gregg I. Anderson, Esq.
Donald T. Trinen, Esq.
s19

ISSUED AS A MANDATE: FEB 07 2008

FILED
U.S. COURT OF APPEALS FOR
THE FEDERAL CIRCUIT

FEB 0 7 2008

JAN HORBALY
CLERK

CERTIFIED COPY
I HEREBY CERTIFY THIS DOCUMENT
IS A TRUE AND CORRECT COPY
OF THE ORIGINAL ON FILE.

UNITED STATES COURT OF APPEALS
FOR THE FEDERAL CIRCUIT
By: /s/ A. M. Tomlinson  Date: 2/7/08