IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior District Judge Richard P. Matsch

Civil Action No. 02-cv-00311-RPM

CLIMAX MOLYBDENUM COMPANY,

    Plaintiff,

v.

MOLYCHEM, LLC,

    Defendant.

---

ORDER FOR AWARD OF ATTORNEYS' FEES AND EXPENSES

---

Based on the Findings, Conclusions and Order dated November 1, 2007, this case was declared exceptional, entitling Molychem to its attorney fees and expenses under 35 U.S.C. § 285.

On November 21, 2007, Molychem moved for an award of attorneys' fees and expenses of $1,993,319.50, supporting the motion with affidavits of Donald Trinen and Ramon Pizarro, their billing records and other documents. Climax responded on December 11, 2007, challenging the reasonableness of the fees and contending that Molychem can only recover the amounts actually billed by Trinen and Pizarro under their fee agreement and cannot recover for legal services associated with the unsuccessful prosecution of Molychem's antitrust counterclaims. The analysis of the billing statements submitted by Climax estimates 500 hours of legal services for the antitrust counterclaims. Molychem did not dispute that estimate in its reply.

On January 16, 2008, Molychem filed a supplement to its motion, seeking additional fees of $76,060, incurred from November 16, 2007, through January 16, 2008, and additional expenses of $1,052.20.

Upon review of Molychem's motion and supporting documents and Climax's objections to the requested fees, the court finds and concludes that for services performed by Molychem's attorneys during the period generally corresponding to the ITC proceeding, Molychem is entitled to recover the fees it actually paid, based on its agreement to pay $240 per hour for Trinen's time and $180 per hour for Pizarro's time.

On October 13, 2003, Molychem and its counsel entered into a revised fee agreement, which provided that Trinen and Pizarro would bill Molychem at the rate of $100 per hour and be paid 25% of any damages awarded to Molychem. The contingency fee component of this agreement related to the expectation of recovery on Molychem's antitrust counterclaims. In its amended answer and counterclaim filed January 29, 2004, Molychem asserted a *Walker Process* antitrust counterclaim against Climax. In its second amended answer and counterclaims filed July 22, 2005, Molychem asserted four antitrust counterclaims, including claims against the then parent of Climax, Phelps Dodge Corporation: (1) willful acquisition and maintenance of monopoly (2) attempted monopolization; (3) willful joint acquisition and maintenance of a monopoly, and (4) attempted joint monopolization. Molychem dismissed all of its claims against Phelps Dodge Corporation in March 2007. In May 2007, Molychem moved for dismissal of three of the four antitrust counterclaims against Climax, leaving for determination its *Walker Process* counterclaim and its defenses/claims of invalidity and inequitable conduct.

An eight-day bench trial was held beginning on September 24, 2007. At the conclusion of the trial, the Court ruled in favor of Molychem on the patent issues, finding the '236 Patent invalid and unenforceable. The Court found that all of the elements of Molychem's antitrust counterclaim had not been proven.

Molychem is entitled to recover the reasonable cost of having to defend itself against the efforts of Climax to drive Molychem from the market as an appropriate remedy even though the plaintiff's conduct does not constitute a violation of the Sherman Act. Accordingly, for legal services performed after October 13, 2003, a reasonable rate for attorneys' fees in patent litigation in Colorado is $350 for Trinen as lead counsel and $300 for Pizarro.

The data submitted from the National Law Journal Client Billing Survey is not relevant. The rates quoted are for corporate style law firms that presumably charge hourly rates based on the contribution of support staff.

Trinen's affidavit dated November 21, 2007, states that his firm's billing statements reflect 375.50 hours attributable to the ITC proceeding and 2,103.75 hours attributable to the District Court action. His affidavit and billing records submitted with the supplemental motion reflect an additional 127.50 hours, with 45.52 of those devoted to a motion to compel production of the billing records of plaintiff's counsel. Pizarro's affidavit dated November 20, 2007, states that his firm's billing statements reflect 685.92 hours attributable to the ITC proceeding and 1,256.9 hours attributable to the District Court action. His affidavit and billing records submitted with the supplemental motion show an additional 71.60 hours, with approximately 1.5 attributable to the motion to compel the billing records of plaintiff's counsel. Adjusting those hours as set forth above, Molychem is entitled to an award of fees in the amount of $1,182,920.00, consisting of

$213,720.00 for fees it incurred in connection with the ITC proceeding (376 Trinen hours x $240 and 686 Pizarro hours x $180) and $919,500.00 for fees in connection with the District Court proceedings through November 2007 (1764 Trinen hours x $350 and 1007 Pizarro hours x $300) and $49,700 for the additional fees through January 2008 (82 x $350 and 70 x $300). These calculations reflect that fractional hours have been rounded to the nearest whole number, 250 hours have been deducted from each attorney's "district court" hours, estimating the time associated with the antitrust counterclaims. Deductions have been made for legal services related to the unsuccessful motion to compel.

Molychem is entitled to recover expenses in the amount of $358,684.76, consisting of expert witness fees of $316,245.53 and other expenses of $42,439.30. Because the allowance under 35 U.S.C. § 285 is not limited to the statutory costs recoverable under 28 U.S.C. § 1920, no additional costs will be awarded under that statute and Fed.R.Civ.P. 54(d).

Based on the foregoing, it is

ORDERED that judgment will enter pursuant to the Court's Findings, Conclusions and Order dated November 1, 2007, as supplemented on January 16, 2008, and such judgment will include an award in favor of Molychem in the amount of $1,182,920.00, for attorneys' fees and $358,684.76 for expenses incurred in connection with this litigation.

Date: March 12, 2008

BY THE COURT:

s/Richard P. Matsch

Richard P. Matsch, Senior District Judge