IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior District Judge Richard P. Matsch

Civil Action No. 02-cv-00311-RPM

CLIMAX MOLYBDENUM COMPANY,

     Plaintiff,

v.

MOLYCHEM, LLC,

     Defendant.

---

ORDERS REGARDING MOLYCHEM'S MOTION TO ADJUDICATE ENTITLEMENT
UNDER ATTORNEY'S CHARGING LIEN AND
RAMON L. PIZARRO'S MOTION FOR ENFORCEMENT OF ATTORNEY'S LIEN

---

     Final judgment entered in this action on March 12, 2008. The judgment included a monetary award in favor of defendant Molychem, LLC (Molychem) and against plaintiff Climax Molybdenum Company (Climax) in the amount of $1,182,920.00 for attorneys' fees and $348,684.76 for expenses, for a total judgment of $1,541,604.76, with post judgment interest accruing at the statutory rate of 1.66%.

     On April 1, 2008, Ramon L. Pizarro (Pizarro) filed a notice of attorney's lien, claiming he is owed $215,400.00 for legal services he provided on behalf of Molychem.

     On April 4, 2008, Climax moved for authorization to deposit the judgment funds into the Court Registry, explaining that it had been notified of a dispute between Molychem and its counsel about disbursement of the funds and that Climax took no position with respect to that

dispute. The court granted Climax's motion on April 8, 2008. The ordered deposit was made on April 9, 2008.

On April 9, 2008, Molychem, through its counsel Donald T. Trinen (Trinen), moved for a determination of the fees owed to Pizarro and an order directing disbursement of the judgment funds. Molychem contends that Pizarro is entitled to $77,564.57 pursuant to the terms of the Contingency Fee Agreement dated October 13, 2003, signed by Molychem, Trinen and Pizarro. That Agreement provides a formula for the division of all amounts collected from Climax. Molychem asserts that it is entitled to $922,420.36 for attorney's fees and expenses it has paid as of March 31, 2008, and that the Agreement provides for the balance to be divided as follows: 75% to Molychem, 12.5% to Pizarro, and 12.5% to Trinen. This would result in Molchem receiving $1,387,807.72 of the judgment funds and post-judgment interest, Pizarro receiving $77,564.57, and Trinen receiving $77,564.56 for their shares as of March 31, 2008. Molychem's computations are reflected in the "Judgment Proceeds Payout Schedule", included in Exhibit A to Molychem's motion to adjudicate entitlement under attorney's charging lien. [Doc. 290].

On April 16, 2008, Pizarro moved to enforce his attorney's lien, arguing that $215,400.00 represents the reasonable fee owed to him for his legal services. Pizarro contends that the Contingency Fee Agreement does not control and does not address the situation presented because the judgment against Climax includes an award for attorneys' fees greater than the fees that Molychem has actually expended. Pizarro suggests that Contingency Fee Agreement's failure to specifically address this circumstance renders the Agreement unenforceable due to lack of substantial compliance with the Rules Governing Contingent Fees set forth in Chapter 23.3 of the Colorado Rules of Professional Conduct. Pizzaro argues that Molychem would be unjustly

enriched if it were permitted to retain funds representing attorneys' fees that it did not actually pay.

Pizarro's position is wrong. Under the Contingency Fee Agreement, any and all amounts paid by Climax in connection with this action and the related ITC proceeding constitute the "Gross Amount Collected." The Contingency Fee Agreement provides a clear explanation of how the Gross Amount Collected is to be divided among Molychem, Pizarro and Trinen. Because the contract controls, Pizarro has no claim to a greater amount based on a quantum meruit theory. Furthermore, there is no merit to Pizarro's suggestion that some lack of compliance with the Professional Rules Governing Contingent Fees (which would necessarily include his own professional shortcoming) should allow him to recover *a greater fee* than he bargained for in the written fee agreement. The situation presented is not one that calls for equity to step in to prevent injustice. Molychem's proposed distribution of the judgment funds correctly applies the fee agreement. Accordingly, it is

ORDERED that Pizarro's motion for enforcement of attorney's lien is denied; it is

FURTHER ORDERED that Molchem's motion to adjudicate entitlement under attorney's charging lien is granted, and it is

FURTHER ORDERED that the judgment funds will be disbursed by the Clerk of the Court as follows: $77,564.57 to Ramon L. Pizarro; $77,564.56 to Donald T. Trinen and

$1,387,807.72 to Molychem, for their respective shares as of March 31, 2008. Interest accrued since March 31, 2008, is to be disbursed 75% to Molychem, 12.5% to Pizarro and 12.5% to Trinen.

Dated: April 28, 2008

BY THE COURT:

s/Richard P. Matsch

Richard P. Matsch, Senior District Judge